IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS PENSION ) <br> WELFARE AND ANNUITY FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PARADISE ENVIRONMENTAL SERVICES, ) <br> ) <br> Defendant. ) | Case No. 3:04-cv-104-MJR |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Terminate Supplemental Proceedings (Doc. 77), filed by Plaintiff Danny Bland on March 16, 2007.  For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On April 29, 2005, a Citation to Discover Assets ("CDA") hearing was held following a default judgment entered against Defendant Paradise Environmental Services, Inc. ("Paradise"). At that hearing, the Court minutes indicate, "Parties conducted Citation to Discovery Assets and are in agreement to a continuance of this matter to Tuesday, June 28, 2005 . . ." (Doc. 34). Plaintiff states that Paradise's registered agent, Danny Bland, appeared at this hearing and testified that the money received on the sale of Paradise had already been paid out to all secured creditors (Doc. 37; 3/23/07 Tr. 41).  Plaintiff claims that the CDA was continued to June to allow

Paradise time to provide to Plaintiff documentation regarding the disposition of money received from the sale of Paradise.

On June 27, 2005, the once continued hearing was reset for July 29, 2005, "[p]ursuant to communication with Attorney Patrick Foley's Office . . . [as] parties have agreed to a continuance in this matter." (Doc. 35).  Plaintiff's counsel, Mr. Foley, asserted that the reason for the continuance was that Paradise had not produced the documents, but had indicated that they would be coming forthwith.

On July 29, 2005, the day of the CDA, the Court cancelled that hearing "Per communication [with] Attorney Patrick Foley," who is counsel for Paradise (Doc. 36).  The Court's Notice of Cancellation indicated that "Citation is closed." (Doc. 36).  Plaintiff's counsel, Mr. Foley, asserts that he requested the CDA be closed on the word of Mr. Kaplan, of Kaplan Associates, LLC, which is the law firm representing Paradise, because Mr. Kaplan indicated that the documents were being sent to him (3/23/07 Tr. 42).

Mr. Foley asserts, however, that he did not receive the promised documents until December 9, 2005 (3/23/07 Tr. 42).  It was at this time, Mr. Foley asserts, that he had the documentation to substantiate that the transfers were made out of Kaplan Associates trust account in violation of the CDA (3/23/07 Tr. 42).  Mr. Foley, however, subpoenaed bank documents and had third-party CDAs with several banks and with Roland Bland and George Bland, alleging that he was trying to determine if there had been a handwritten typo in the documents he received, as those documents indicated payments were made on May 2, 2005, which would indicate a transfer in violation of the CDA, whereas April 2, 2005, would not indicate a violation (3/23/07 Tr. 43).

Then, on March 15, 2006, Plaintiff filed a Motion for Judgment Debtor Exam (Doc. 37). The Court subsequently granted that motion and ordered that a Judgment Debtor Exam, along with an Amended Third-Party CDA, take place on May 2, 2006 (Doc. 39).

On May 2, 2006, a CDA was held and George Bland and Roland Bland appeared (Doc. 50). With regard to Meridian Bank, that part of the CDA was continued to June 8, 2006 (Doc. 50). The day before the hearing, on June 7, 2006, the Court reset the Amended CDA for July 11, 2006, after it was advised that some parties have entered into settlement negotiations (Doc. 52).

On June 14, 2006, Plaintiff filed a Motion for Contempt (Doc. 54), alleging that Danny Bland, as a representative of Paradise, transferred assets after being served with the CDA (Doc. 54). The Motion for Contempt requests sanctions against Danny Bland for his willful violation of the CDA and that he be held personally liable for the amount of the debt owed, and be ordered to pay Plaintiff's attorney's fees and costs incurred for collection.

On August 23, 2006, a hearing on the Motion for Contempt (Doc. 54) was held and Defense counsel Joshua Avigad was present. There was no objection to the Court's jurisdiction at this time. On August 28, 2006, Plaintiff filed a Motion for Leave to File an Amended Petition for Finding of Contempt (Doc. 63). The first time Defendants raised the issue of this Court's jurisdiction regarding continued supplemental proceedings was on March 16, 2007, when Danny Bland filed a Motion to Terminate Supplementary Proceeding (Doc. 77), which is the motion currently before the Court. In that motion, Defendant Danny Bland asserts that this Court was divested of subject matter jurisdiction on either October 25, 2005,[1] or, alternatively, June 9,

---

[1] While Defendant's Motion (Doc. 77) gives the date of October 29, 2005, the Memorandum in Support (Doc. 80) gives the date of October 25, 2005.

2006, pursuant to Illinois Supreme Court Rule 277(f), which reads as follows:

> **(f) When Proceeding Terminated.** A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require. Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise.

ILCS S. Ct. Rule 277(f). Defendants assert that because no order was entered extending the sixth-month deadline, that this Court is divested of jurisdiction.

Plaintiff responds that Defendants are estopped from pleading Rule 277 because Defendants' own actions delayed the citation proceedings beyond the six-month period. Further, Plaintiff alleges that Defendants waived the right plead the six-month deadline because they appeared and participated in proceedings taking place after the date on which they assert this Court was divested of jurisdiction. In response to Plaintiff's equitable argument, Defendant asserts that there is no legal support for Plaintiff's equitable arguments, and instead argues that "automatic means 'self-triggering' and, by definition, occurs regardless of any act or omission of the respondent." (Doc. 90). Further, Defendants argue that Rule 277 is jurisdictional, meaning that it cannot be waived.

## CONCLUSIONS OF LAW

The six-month deadline on a supplemental citation proceeding is meant to prevent property from being encumbered by judgment liens indefinitely and to protect debtors from harassment by creditors. <u>TM Ryan Co. v. 5350 South Shore, L.L.C.</u>, 836 N.3.2d 803, 810 (Ill. App. 2005); <u>Resolution Trust Corporation, v. Ruggiero</u>, 994 F.2d 1221, 1228 (7th Cir. 1993).

From the first entry of appearance of a defendant pursuant to a citation to discovery assets, Illinois Rule 277(f) provides that the proceeding terminates automatically after six months, but "[t]he court may, however, grant extensions beyond the 6 months, as justice may require." ILCS S. Ct. Rule 277(f).

Despite Defendant's assertion Rule 277 is jurisdictional and cannot be waived, this assertion is not supported by legal authority, and there is simply nothing to indicate that the Illinois Supreme Court intended to make the six-month limit jurisdictional in the sense that a court is precluded from entering an order after the six-month period has expired. Defendants assert, nonetheless, that "automatic means 'self-triggering' and, by definition, occurs regardless of any act or omission of the respondent." The conduct of the defendant is not irrelevant, however, and may, in fact, cause the sixth-month deadline to be extended. Ruggiero, 994 F.2d at 1228 ("a debtor who by his own actions delays the citation proceedings should be estopped to plead the deadline."); 100 W. Monroe Partnership v. Carlson, 745 N.E.2d 554, 561 (Ill. App. 2001) (holding "defendant is estopped from pleading the six-month deadline because his own actions delayed the citation proceedings.").

Ruggiero involved a citation to discover assets where the judgment debtor challenged the court's jurisdiction following the expiration of the six-month statutory period contained in Rule 277. On appeal, the Seventh Circuit held that an order entered after the six-month deadline is not invalid where a defendant's conduct caused citation examinations to be repeatedly delayed. 994 F.2d at 1228. The Ruggero Court so held because the deadline was intended to protect the judgment debtor from delay and harassment by the judgment creditor, not to serve the purpose of awarding the judgment debtor for delaying the proceedings in an attempt to avoid

satisfaction of the judgment. Id.  The same conclusion was reached in Carlson, where the Illinois Court of Appeals, citing Ruggiero favorably, held that the defendant in Carlson was estopped from pleading the six-month deadline because the defendant filed several motions for both extensions of time and reconsideration of the court's orders just prior to the expiration of the Court's deadline. 745 N.E.2d at 560-61.

In the present case, Plaintiff asserts that defendants, by their own action, repeatedly caused delays that lengthened the supplemental proceeding beyond the six-month deadline. Plaintiff's representations to the Court support this contention, and Defendant has failed to provide any evidence to the contrary except to state that they do not admit the allegation. Instead, Defendants assert that any delay attributable to them would only extend the deadline. They argue that since they eventually responded to Plaintiff's request for documents on December 9, 2005, that the deadline should only have been extended to June 9, 2006. Essentially, Defendants seek to avoid Ruggiero's holding, that a debtor who by his own actions delays the citation proceedings should be estopped to plead the six-month deadline, by arguing that their ability to plead the six-month deadline should only be tolled.  They further allege that all proceedings should have automatically terminated on June 9, 2006, thereby divesting totally and completely this Court's jurisdiction to enter orders, or even require the parties to appear before the Court.

Ruggiero's holding does not provide for or discuss Defendants' idea of equitable tolling; however, in this case, the Court recommends that it be rejected for three primary reasons.  First, the doctrine of unclean hands prevents the Court from entertaining Defendants' equitable tolling argument, as Defendants seek for the Court to apply equitable tolling to terminate proceedings

6

that Defendants are responsible for extending. Second, to tenaciously adhere to such a tolling idea and find that the proceedings were terminated on June 9, 2006, would work an injustice on Plaintiff as notice of the period of tolling is not possible without a determination of the tolling period, which is not clear cut in this case. Given the Court's determination, it need not decide whether, if it accepted Defendants' equitable tolling idea, the six-month deadline would only extend to June 9, 2006. However, it would serve an injustice on Plaintiff to adhere to such a deadline because it was not only reasonable, but correct, to assume that Defendants' repeated delays waived their right to plead the six-month deadline, such that there would be no need to file a motion to extend a deadline already passed.

Finally, the third reason to reject Defendants' tolling argument is that to apply tolling and find that the proceedings were terminated on June 9, 2006, would not satisfy the purpose of the six-month deadline, which is meant to prevent property from being encumbered by judgment liens indefinitely and to protect debtors from harassment by judgment creditors. This is because there is no property in this case encumbered by judgment liens and the Court does not find any indication that Plaintiff has in any way harassed Defendants or otherwise abused or unduly extended the discovery proceedings. Quite the contrary, Plaintiff appears to have sought a expedient resolution of this matter, but has been repeatedly delayed by Defendants' conduct. For these reasons, Defendants' equitable tolling argument must fail. The Court is mindful that Plaintiff may not seek to continue the proceedings unnecessarily. However, Defendants have other avenues of relief to address this problem other than Rule 277, were it to arise.

## CONCLUSION

For the above stated reasons, it is **RECOMMENDED** that the Motion to Terminate

Supplemental Proceedings (Doc. 77) be **DENIED** and that the court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: March 25, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
